UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Kelly, #211744, ) | C/A No. 4:11-2975-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Carolyn E. Williams; Ronnie A. Sabb; ) | |
| and Kimberly Bar, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Tyrone Kelly ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to state a claim on which relief may be granted and based on immunity.

### Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of

liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that he filed a post conviction relief ("PCR") action on December 16, 2010, in Williamsburg County, wherein he alleged ineffective assistance of counsel and lack of subject matter jurisdiction in relation to his state conviction. Pet. 3. Plaintiff alleges that he was taken to the Williamsburg County court house on March 8, 2011, due to his PCR action. *Id.* He alleges that upon his arrival, Kimberly Bar, the Solicitor, "wanted the Plaintiff to agree to testify against co-defendant in return for the relief demanded in his post conviction complaint that all charges be dismissed and the Plaintiff be released from custody immediately." *Id.* Plaintiff alleges that he refused the offer, and he "was immediately transferred back to the Evans Correctional Institution without any further regards to his Post Conviction Relief Filing." *Id.*

Plaintiff alleges that "the Williamsburg County" refused or neglected to respond to his PCR application, so he contacted the South Carolina Supreme Court about the matter. *Id.* at 3-4. He alleges that on April 7, 2011, he received an acknowledgment from the South Carolina Supreme Court Clerk showing that the Supreme Court had reviewed the matter and forwarded it to the Williamsburg County court on April 4, 2011, because Plaintiff appeared to have a matter pending in that court. *Id.* He alleges that about five months later, he received a Notice of a Conditional Order of Dismissal asserting that Plaintiff had filed his PCR application outside the 1-year statute of limitations. *Id.* Plaintiff alleges that the record will show that he timely filed his PCR application. *Id.*

Plaintiff brings this action against Ronnie A. Sabb and Kimberly Bar, both alleged to be Solicitors for Williamsburg County, and against Carolyn E. Williams, alleged to be the Clerk of Court for Williamsburg County.  *Id.* at 1-3.  He alleges that Defendants committed fraud upon the court, obstruction of justice, and denied his due process rights.  *Id.* at 4.  Plaintiff seeks $20 million and to be released from custody.  *Id.* at 5.

This Court takes judicial notice that Plaintiff was convicted in the Williamsburg County Court of General Sessions on February 2, 2010, of burglary second degree.  *See* Third Judicial Circuit Public Index Search, http://publicindex.sccourts.org/williamsburg/publicindex/ (click "accept," then enter Plaintiff's name and "Search Public Index," click "M061166," and "Charges") (last visited Dec. 7, 2011).[2]  Further, this Court takes judicial notice that Plaintiff filed a PCR action, Case No. 2011CP4500082, and that a Conditional Order of Dismissal was filed on October 3, 2011, but the PCR action is not closed and has not reached final disposition.  *See* Third Judicial Circuit Public Index Search, http://publicindex.sccourts.org/williamsburg/publicindex/ (click "accept," then enter Plaintiff's name and "Search Public Index," click "2011CP4500082," and "Actions") (last visited Dec. 7, 2011).

---

[2] The Court may take judicial notice of factual information located in postings on government websites.  *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09-1009-HFF-PJG, 2009 WL 1491409, *1 n.1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *Williams v. Long*, 585 F. Supp. 2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

Discussion

This action is subject to dismissal because it seeks monetary relief from defendants who are immune from such relief. *See* Title 28 U.S.C. § 1915(e)(2). In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. Solicitors are elected by voters of a judicial circuit. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. *See Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). A prosecutor's "protected activities include, but are not limited to, prosecutorial actions and decisions related to ancillary civil proceedings such as PCR actions." *Wilder v. Brooks*, C/A No. 3:08-3089-MBS-JRM, 2009 WL 291065, at *4 (D.S.C. Feb. 4, 2009), *appeal dismissed*, 332 F. A'ppx 899 (4th Cir. 2009). In this case, Bar's alleged wrongful conduct relates to her actions taken with respect to Plaintiff's PCR legal proceedings and with respect to the potential prosecution of a co-defendant. This alleged conduct is intricately related to the judicial process and to the State's involvement in upholding a conviction. *See Id.* (noting that in South Carolina the Attorney General's Office supplies attorneys who represent the State in PCR actions and those attorneys serve as prosecutors because they urge the PCR judge to uphold the criminal sentence under attack). Therefore, Bar should have absolute immunity from this suit. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability").

Plaintiff makes no allegations of personal involvement by Solicitor Sabb or by Clerk of Court Carolyn E. Williams. The only allegation against Sabb is that he is a Solicitor for

5

Williamsburg County, and the only allegation against Williams is that she is the Clerk of Court for Williamsburg County. Although the Court must liberally construe the *pro se* Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). *Cf. Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Because Plaintiff did not plead any factual allegations that state a plausible claim for relief against Sabb or Williams, those Defendants should be dismissed. Moreover, if the Complaint could be construed such that Plaintiff intends to sue Sabb or Williams because they are supervisors or managers of a person who committed misconduct, the doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions. *See Connick v. Thompson*, 131 S.Ct. 1350, 1359 (2011) (a local government cannot be vicariously liable for its employees' actions); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.").

Additionally, Plaintiff failed to state a claim on which relief may be granted because release from prison is not available in a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser*

6

*v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus).

Lastly, this action should be dismissed based on the *Younger* abstention doctrine. "The Supreme Court has repeatedly instructed that 'federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress.'" *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007). Abstention doctrines are rare exceptions to a federal court's duty to exercise the jurisdiction conferred upon it. *Id.* Because the Supreme Court seeks to ensure that abstention is the exception and not the rule, it has instructed the lower courts when abstention is permissible. *Id.* In *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). In this case, it appears that Plaintiff's PCR action is pending, and he should have an opportunity to litigate in his state case whether he filed his PCR application within the statute of limitations and whether Defendants committed any misconduct.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25

(1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

               s/Bruce Howe Hendricks
               United States Magistrate Judge

December 8, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).